# IN THE SUPREME COURT OF THE STATE OF NEVADA

QUINN ALEXANDER ZEGER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 83734

FILED

NOV 03 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of voluntary manslaughter. Eighth Judicial District Court, Clark County; Cristina D. Silva, Judge.

Appellant Quinn Zeger was charged with murder for the death of Rodney Beal. Before trial, Zeger sought to exclude the police body-worn camera footage of a conversation between Las Vegas Metropolitan Police Department Officer Juan Contreras and Beal before Beal's death, arguing that it was testimonial hearsay in violation of the Confrontation Clause. The district court granted Zeger's motion. However, during the trial, the district court allowed the body-worn camera footage to be admitted and played for the jury over Zeger's objection because the district court found that the defense expert had opened the door to the footage. The jury subsequently convicted Zeger of voluntary manslaughter, and he was sentenced to serve a prison term of 48 to 120 months. Zeger now appeals, primarily arguing that the body-worn camera footage violated the

Confrontation Clause of the United States Constitution.[1] U.S. Const. amend VI.

This court reviews potential Confrontation Clause violations de novo. *Chavez v. State*, 125 Nev. 328, 339, 213 P.3d 476, 484 (2009). "The threshold question in evaluating a confrontation right . . . is whether the statement was testimonial in nature." *Vega v. State*, 126 Nev. 332, 339, 236 P.3d 632, 637 (2010). If the statement is testimonial, then it "is inadmissible unless the defendant had an opportunity to previously cross-examine the witness regarding the witness's statement." *Id.* at 338, 236 P.3d at 637 (internal quotation marks omitted). However, even if there is a Confrontation Clause violation, it is subject to harmless error review. *Medina v. State*, 122 Nev. 346, 355, 143 P.3d 471, 476 (2006).

"[A] statement is testimonial if it would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." *Harkins v. State*, 122 Nev. 974, 986, 143 P.3d 706, 714 (2006) (emphasis and internal quotation marks omitted). "[T]he inquiry requires examination of the totality of the circumstances surrounding the making of the statement." *Id.* at 987, 143 P.3d at 714. This court has provided a nonexhaustive list of factors for determining whether a statement is testimonial:

> (1) to whom the statement was made, a government agent or an acquaintance; (2) whether the statement was spontaneous, or made in response to

---

[1]Zeger also contends that his state constitutional rights to due process of law, equal protection, and the right to confront witnesses were violated. Nevada Const. art. I, § 3, 6, 8; *id.* art. IV, § 21. However, Zeger does not make any particularized argument under these provisions, and we accordingly do not address any state constitutional rights arguments in this disposition.

SUPREME COURT
OF
NEVADA

(O) 1947A

2

a question (*e.g.*, whether the statement was the product of a police interrogation); (3) whether the inquiry eliciting the statement was for the purpose of gathering evidence for possible use at a later trial, or whether it was to provide assistance in an emergency; and (4) whether the statement was made while an emergency was ongoing, or whether it was a recount of past events made in a more formal setting sometime after the exigency had ended.

*Id.*

Viewing the totality of the circumstances, we conclude that the conversation between Officer Contreras and Beal was testimonial. Beal made the statements in response to Officer Contreras's questioning. And while the State contends that the statements were to address an ongoing emergency, Beal had already been seen by the paramedics, was lying alone on the side of a building, and stated that the events had occurred "the other night." Accordingly, we conclude that an objective witness would reasonably believe that Beal's statements would be available for use at a later trial. *Id.* at 986, 143 P.3d at 714.

Moreover, the defense cannot open the door to otherwise inadmissible hearsay evidence being admitted. The United States Supreme Court has recently addressed this issue and held that a trial court violated the Confrontation Clause "by admitting unconfronted, testimonial hearsay against [the defendant] simply because the judge deemed his presentation to have created a misleading impression that the testimonial hearsay was reasonably necessary to correct." *Hemphill v. New York*, ___ U.S. ___, ___, 142 S. Ct. 681, 692 (2022). The Court went on to say that it "*has not* held that defendants can 'open the door' to violations of constitutional requirements merely by making evidence relevant to contradict their defense." *Id.* (emphasis added). Accordingly, we conclude that the district

(O) 1947A

court erred by admitting the body-worn camera footage based solely on the assertion that the defense expert opened the door.

Finally, "before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." *Medina*, 122 Nev. at 355, 143 P.3d at 477 (internal quotation marks omitted). The State must "show beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *Id.* (internal quotation marks omitted). We noted that the United States Supreme Court has identified several relevant factors for determining whether a Confrontation Clause error is harmless, including "the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, . . . and, of course, the overall strength of the prosecution's case." *Id.* (omission in original) (internal quotation marks omitted).

Here, we conclude that the district court's error which led to a violation of Zeger's right to confrontation was not harmless beyond a reasonable doubt. The State repeatedly addressed the body-worn camera footage in closing arguments, stating to the jury that it was "the best investigative information." Moreover, without the body-worn camera footage, the State was left without direct evidence that Zeger attacked Beal, and that Zeger attacked Beal within the State's alleged timeline. Because the overall strength of the State's case without the body-worn camera footage is weak, we cannot conclude, beyond a reasonable doubt, that the

body-worn camera footage did not contribute to Zeger's conviction.[2] Accordingly, we

ORDER the judgment of conviction REVERSED AND REMAND this matter to the district court.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Herndon

cc: Hon. Cristina D. Silva, District Judge
Special Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[2]We reject Zeger's argument that there was insufficient evidence because a rational trier of fact could have found Zeger guilty of voluntary manslaughter without the body-worn camera footage based on the evidence and testimony presented at trial. *Newson v. State*, 136 Nev. 181, 188, 462 P.3d 246, 252 (2020). However, in light of this court's disposition, we need not address Zeger's remaining arguments.